UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE COMPLAINT
OF F/V MISTY DAWN, INC., as Owner            Civil Action No. 1:13-cv-12367
Of the Vessel F/V MISTY DAWN for Exoneration
From or Limitation of Liability

ORDER

November 3, 2014

TALWANI, D.J.

I.   Introduction

The instant action was brought by Petitioner F/V Misty Dawn, Inc. seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq. in connection with alleged injuries sustained by Claimant and Third Party Plaintiff William Albert, Jr. while serving as a crew member of the F/V MISTY DAWN. Presently before the court is Third Party Defendant Ulven Companies' Motion to Dismiss for Lack of Subject Matter Jurisdiction [#45]. For the following reasons, this motion is ALLOWED IN PART and DENIED IN PART.

II.  Background

Third Party Plaintiff Albert alleges that on or about November 3, 2012, while he served as a seaman and member of the crew of the F/V MISTY DAWN, and while the F/V MISTY DAWN was in navigable waters and Albert was performing his duties with due care, Albert sustained severe personal injuries when the swivel eye attached to the ship's steel towing block broke and the security/safety chain failed. Albert further alleges that this caused the block to whip across the deck, striking Albert in the lower chest/abdomen and causing him severe injuries with lifelong implications. According to Albert, Ulven Companies ("Ulven") manufactured the

block/safety chain that was aboard the F/V MISTY DAWN on or about November 3, 2012.

Based on these allegations, Albert asserts the following causes of action in his third-party complaint against Ulven: (1) negligence, (2) breach of the implied warranty of merchantability, and (3) violations of Mass. Gen. Laws. ch. 93A §§ 2, 9.

III. Discussion

In support of its motion to dismiss, Ulven argues that Albert's allegations are in essence Massachusetts-based liability claims that are preempted by federal maritime law. Ulven also argues that Albert's claims are insufficient because Albert has not established a nexus between the facts alleged in the complaint and Massachusetts.

   A.   *Preemption*

Albert's negligence and warranty claims are not preempted, but are recognized by federal maritime law. First, it is well-established that negligence actions against manufacturers based on products liability claims are recognized in admiralty law. See East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 865 (1986) ("We join the Courts of Appeals in recognizing products liability, including strict liability, as part of the general maritime law.").[1] Second, warranty claims may also fall under admiralty law where, as here, they sound in tort. See Pietrafesa v. Bd. of Governors for Higher Educ., 846 F. Supp. 1066, 1070–73 (D.R.I. 1994) ("[C]laims based upon warranty theories constitute maritime torts and are . . . governed by the general maritime law."); Complaint of Am. Export Lines, Inc., 620 F. Supp. 490, 512 (S.D.N.Y. 1985) ("[T]here is significant authority for the proposition that actions on implied warranty of

---

[1] Admiralty jurisdiction over these tort claims exists as long as the situs and status tests are met, i.e. the negligence (1) took effect on navigable waters, and (2) bore a significant relationship to traditional maritime activity. See Exec. Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 266–68 (1972).

2

fitness and merchantability may 'fly the colors of tort, rather than contract, and sail into the admiralty harbor.'" (quoting Ohio Barge Line, Inc. v. Dravo Corp., 326 F. Supp. 863, 866 (W.D. Pa. 1971))); cf. E. River S.S. Corp., 476 U.S. at 865–875 (holding that, under admiralty law, "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself"). Accordingly, Albert has properly pled federal maritime law claims based on negligence and breach of the implied warranty of merchantability.

Whether federal maritime law preempts Albert's claim under Mass. Gen. Laws ch. 93A presents a closer question. The court, however, need not reach this question because, as explained below, Albert fails to sufficiently plead such a claim in the first instance.

### B. *Insufficient Nexus to Massachusetts*

As explained above, Albert's negligence and warranty claims are recognized by federal maritime law; thus, they do not require a nexus to Massachusetts. Albert's claim under Mass. Gen. Laws ch. 93A, however, is a state-based claim requiring that any actions or transaction constituting a violation of that statute must have "occurred primarily and substantially within the commonwealth." Mass. Gen. Laws. ch. 93A, § 11. To satisfy this requirement, the court must determine whether 'the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth.'" Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 781 N.E.2d 787, 799 (Mass. 2003).

In his third party complaint, Albert alleges no facts establishing that the actions or transactions underlying his claim "occurred primarily and substantially within the commonwealth," Mass. Gen. Laws. ch. 93A, § 11. Nor does he argue that such a nexus exists. See Claimant Opp'n Third Party Def. Mot. Dismiss Lack Subj. Matter Juris., 6 [#52].

3

Accordingly, the court dismisses Albert's Chapter 93A claim without prejudice.  See Evergreen Partnering Grp. v. Pactiv Corp., No. 11-10807, 2014 WL 304070, at *1 n.2, 5–6 (D. Mass. January 28, 2014).

IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is ALLOWED IN PART and DENIED IN PART.  Count III of Albert's Third Party Complaint [#41-1] is hereby dismissed without prejudice.

IT IS SO ORDERED.

Date:  November 3, 2014                    /s/ Indira Talwani
                                           United States District Judge